The Honorable Jim Ford Property Appraiser Brevard County Post Office Drawer `O' Titusville, Florida 32781-0429
Dear Mr. Ford:
You ask substantially the following question:
 Does the use of an official vehicle by a county officer for personal purposes not incidental to official business constitute compensation limited by Ch. 145, F.S., or misuse of public position prohibited by s. 112.313(6), F.S.?
In sum, it is my opinion:
 To the extent an official vehicle is used by a county officer for personal purposes, it would be compensation limited by Ch. 145, F.S., unless exempted therefrom by general law or unless the use personally benefits the officer only incidentally in that the overall purpose served by the use is a public one. A determination of whether such use would be a misuse of public position is a question which should be addressed to the Florida Commission on Ethics.
Section 145.011, F.S., sets forth the legislative intent to provide only by general law for the annual compensation and method of payment for the several county officers named therein.[1]
Specific to your inquiry, s. 145.10(1), F.S., provides that `[e]ach property appraiser shall receive as salary the amount indicated, based on the population of his county.' (e.s.)
`Salary,' when referring to amounts payable under the schedules in Ch. 145, F.S., is defined as the `total annual compensation to be paid to an official as personal income.'[2] (e.s.) `Compensation' is not defined in Ch. 145, F.S. In the absence of a statutory definition, however, `compensation' must be given its plain and ordinary meaning,[3] which is `payment for value received or service rendered.'[4] More specifically, it means `payment in money or other benefit which will compensate in the strict sense, that is, make even, or be measurably the equivalent of that for which it is given.'[5]
In AGO's 71-121 and 71-157, this office concluded that the payment of insurance by a county on behalf of a county officer would be compensation subject to the limitations of Ch. 145, F.S. The premise of both opinions was that there can be no additional compensation unless it is authorized by general law. After these opinions were issued, however, the Legislature amended s. 145.131, F.S., to provide that the payment of insurance for county officials and employees would not be compensation under Ch. 145, F.S.[6]
It would appear, therefore, that all benefits which a county officer receives in exchange for performing official duties, unless exempted by general law, are subject to the limitations on compensation contained in Ch. 145, F.S. I have not found, nor have you provided, any general law which exempts the furnishing of an official vehicle to a property appraiser for personal use from the compensation limitations in Ch. 145, F.S.[7]
In AGO 74-384, this office considered whether a sheriff could assign department vehicles to department personnel on a permanent basis for use both on and off duty. Citing the objectives in making such assignments, this office concluded that, if the vehicles were used to fulfill the objectives, their use would be a direct benefit to the public and personal use would be an incidental benefit.[8] Thus, this office has approved of an instance where the use of an official vehicle benefited a public officer or employee incidentally, but the overall purpose served by the use was primarily a public one. This does not appear to be the case under the facts you have presented.
It is my opinion, therefore, that personal use of an official vehicle furnished to a county officer, to the extent it is more than an incidental benefit resulting from a use which serves primarily a public purpose, would be compensation subject to the limitations in Ch. 145, F.S. Whether such use would be a misuse of public position prohibited by s. 112.313(6), F.S., is a question which must be addressed to the Florida Commission on Ethics.[9]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, s. 145.131(1), F.S., repealing all local or special laws or general laws of local application enacted prior to July 1, 1969, which relate to compensation of county officials, except those laws relating to travel expenses of county officers or to extra compensation for the chairperson of the board of county commissioners or district school board; and s. 145.131(2), F.S., providing in pertinent part, that `[t]he compensation of any official whose salary is fixed by this chapter shall be the subject of general law only . . . .'
[2] See, s. 145.021(2), F.S.
[3] See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958).
[4] Websters Third New International Dictionary, p. 463 (1981).
[5] 15A C.J.S. Compensation, p. 101, 102.
[6] See, s. 1, Ch. 72-111, Laws of Florida, adding subsection (3) to s. 145.131, F.S., to provide that payment of insurance for county officials and employees shall not be considered additional compensation.
[7] Cf., AGO 80-3 (allowance authorized by s. 240.319[3][m], F.S., in lieu of the use of a motor vehicle furnished to a college president constitutes payment for expenses rather than compensation) and AGO 83-11 (board of trustees of community college authorized by s. 240.319[3][m], F.S., to provide automobile to employee of college as a fringe benefit).
[8] See also, AGO 74-295 (municipality may authorize employees to use city-owned vehicles such that use personally benefits the employee incidentally, while the overall purpose served by that use is a public one.) Cf., AGO 85-7 concluding that a state agency could not reimburse or pay the cost of parking for employees required to use their personal vehicles in fulfilling their job responsibilities, as such payment serves primarily a private purpose, and stating that is the general rule that expenses incurred by public employees traveling to and from work are personal expenses.
[9] See, s. 112.322, F.S., making it the duty of the Commission on Ethics to receive and investigate sworn complaints of violation of the code of ethics established in Part III, Ch. 112, F.S.